IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEESHAWN CRAWFORD,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-05-0834 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **PENNSYLVANIA ATTORNEY** | : | |
| **GENERAL,** *et al.,* | : | |
| | : | |
| Respondents. | : | |

## O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Petitioner, Keeshawn Crawford, an inmate at the State Correctional Institution in Huntingdon ("SCI-Huntingdon"), Pennsylvania, commenced this *pro se* action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254. Petitioner contemporaneously filed a motion for leave to proceed *in forma pauperis* (Doc. 2). Thereafter, Petitioner filed an amended petition (Doc. 7). Named as Respondents are the Superintendent of SCI-Huntingdon, the Pennsylvania Attorney General, The District Attorney of Montgomery County, Pennsylvania, and Warden James Grace. Petitioner states that he was convicted in the Montgomery County Court of Common Pleas for the offenses of (1) third degree aggravated assault and (2) possession of an instrument of crime. (Doc. 1 at 4.) As a result of the convictions, Petitioner was sentenced on August 16, 1999 to a term of twenty-two and a half (22 ½) to forty-five (45) years imprisonment. (*Id*.) Petitioner claims his counsel was ineffective, the prosecutor withheld exculpatory evidence, and he was denied due process in his trial. For the following reasons, the motion

to proceed *in forma pauperis* will be granted for the purpose of filing this action, and the case will be transferred to the United States District Court for the Eastern District of Pennsylvania.

A petition for writ of habeas corpus under § 2254 may be filed in the district court for the district in which petitioner is in custody, or it may be filed in the district court of the district in which the challenged state court proceedings took place, and each of these courts shall have concurrent jurisdiction to entertain the application. 28 U.S.C. § 2254(d). Pursuant to the provisions of 28 U.S.C. § 1404(a), a district court may, for the convenience of the parties and witnesses, and in the interest of justice, transfer any civil action to any other district where it might have been brought.

Since Petitioner is challenging a decision of the Montgomery County Court of Common Pleas, and the state court and records, as well as the witnesses and testimony, are all located in Montgomery County, and Montgomery County is located in the Eastern District of Pennsylvania, the convenience of the parties and witnesses and the interest of justice would be served by transfer of this action to the United States District Court for the Eastern District of Pennsylvania.

**ACCORDINGLY, THIS 28th DAY OF JUNE, 2005, IT IS HEREBY ORDERED THAT:**

1) Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED** for the purpose of filing this petition.

2) The Clerk of Court is directed to transfer this case to the United States District Court for the Eastern District of Pennsylvania.

3) The Clerk of Court is directed to close this case.

                                                       /s/ A. Richard Caputo  
                                                      A. RICHARD CAPUTO  
                                                      United States District Judge